# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,    :    Case No. 3:15-cr-156
                                  Also 3:20-cv-247

                                    District Judge Thomas M. Rose
- vs -                              Magistrate Judge Michael R. Merz

GREGORY LEWIS GIBSON,

          Defendant.    :

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant's *pro se* Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 44), docketed in this Court on June 19, 2020.

One day prior to Gibson's *pro se* filing, Magistrate Judge Sharon Ovington had appointed Attorney LaToya Berry to consider filing a motion to vacate on Gibson's behalf (ECF No. 43).  To preserve Gibson's timely filing date but allow Ms. Berry to review the case, the Court granted her an extension to review the case and decide whether to file (ECF No. 45).

Ms. Berry has now completed her review and advised the Court she will not be filing a motion to vacate.  She is accordingly granted leave to withdraw and the Clerk will amend the docket to indicate Gibson is proceeding *pro se*.

Gibson is entitled to have his *pro se* motion evaluated by the Court. The Motion to Vacate is therefore before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

All collateral attacks on criminal judgments at the Dayton seat of court are referred to the undersigned under General Order Day 13-01 for a report and recommendations. Final decision is reserved to Judge Rose, the District Judge to whom this case is assigned.

Gibson seeks relief pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that 18 U.S.C. § 924(c)(3)(B)'s definition of a crime of violence (the "residual" clause") is unconstitutionally vague. The Sixth Circuit had reached the same conclusion in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016).

**Litigation History**

A federal grand jury indicted Gibson on November 10, 2015, and charged him with conspiracy to commit Hobbs Act robbery (Count One), actual Hobbs Act robbery (Counts Two, Four, and Five), and use of a firearm in connection with Count Two (Count Three)(Indictment, ECF No. 12). On February 2, 2016, he entered into a Plea Agreement with the United States in which he agreed to plead guilty to Counts Two and Three in return for dismissal of the other counts

(ECF No. 17).  After the appropriate plea colloquy, Judge Rose accepted the plea.  After considering a presentence investigation report, he sentenced Gibson on May 9, 2016, to thirty-six months imprisonment on Count Two and a consecutive eight-four months on Count Three (Minutes, ECF No. 30, Judgment, ECF No. 31).  Gibson did not appeal, but later sought permission from the Sixth Circuit to file a second or successive § 2255 motion.  On March 20, 2020, the Sixth Circuit decided its permission was not necessary because this would be Gibson's first § 2255 motion.  *In re: Gregory Lewis Gibson*, Case No. 19-3889 (6th Cir. Mar. 20, 2020)(unreported; copy at ECF No. 40).  Although the Sixth Circuit ordered the case transferred to this Court, it was not docketed until June 19, 2020.

## Analysis

Gibson claims entitlement to relief under *Davis, supra*.  The Sixth Circuit has held *Davis* applies retroactively to cases on collateral review.  *In re Franklin,* 950 F.3d 909, 910 (6th Cir. 2020), citing *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016).  Gibson's motion is timely because it was filed within one year of the June 24, 2019, decision in *Davis*[1].

*Davis* declared unconstitutionally vague the definition of a crime of violence found in the so-called residual clause of 18 U.S.C. § 924(c)(3)(B).  To obtain relief under *Davis,* a person convicted and sentenced for violating 18 U.S.C. § 924(c) must show that his conviction depended on finding him to have committed a crime of violence under the residual clause definition.

---

[1] The appropriate filing date could be October 19, 2019, when Gibson filed in the Sixth Circuit or March 23, 2020, when the case was ordered transferred here, or June 19, 2020, the date the Motion was actually docketed.  All three dates are timely.

That is not Gibson's situation. The predicate crime he was charged with committing and pleaded guilty to was Hobbs Act robbery in violation of 18 U.S.C. § 1951. The Indictment reads:

> 3 . On or about September 27, 2015, in the Southern District of Ohio, defendants **LERONTAE WILLIAMS** and **GREGORY GIBSON,** aiding and abetting each other, obstructed, delayed, and affected commerce, and the movement of articles and commodities in such commerce by robbery and threats of physical violence, in that defendants **LERONTAE WILLIAMS** and **GREGORY GIBSON** knowingly took and obtained personal property consisting of United States currency in the presence of employees of the Family Dollar located 32 95 West Siebanthaler Avenue , Dayton , Ohio, against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their person .
>
> In violation of Title 18, United States Code, Sections 1951 and 2 .

(Indictment, ECF No. 12, PageID 57-58.)

In deciding whether a crime is a violent crime under § 924(c), a federal court must determine whether it "has as an element the use or attempted use of 'violent force – that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010)." *United States v. Rafidi,* 829 F.3d 437 (6th Cir. 2016). That element may be satisfied by showing actual physical contact. *United States v. Rafidi*, 829 F.3d 437 (6th Cir. July 11, 2016), citing *United States v. Street,* 66 F.3d 969, 977 (8th Cir. 1995). In the absence of physical contact, the forcible element can be established by proving a threat or display of physical aggression "sufficient to inspire fear of pain, bodily harm, or death. *Rafidi*. This satisfies the requirement of threatened use of physical force from the earlier 2010 *Johnson* decision. *Rafidi*, quoting *United States v. Chambers,* 195 F.3d 274, 277 (6th Cir. 1999).

4

Hobbs Act robbery is a crime of violence within the meaning of 18 U.S.C. § 924(c). *United States v. Gooch*, 850 F.3d 285 (6th Cir. 2017), followed in *United States v. Carpenter,* 2018 U.S. Dist. LEXIS 72821 (S.D. Ohio May 1, 2018). Other circuits have unanimously held the same.

Because Hobbs Act robbery has as an element the use of threatened use of actual violent physical force against the person of another, it qualifies as a crime of violence under the "elements" clause definition of that term in 18 U.S.C. § 924(c)(3)(A). Because Gibson's conviction under § 924(c) is based on a predicate crime, Hobbs Act robbery, which has an element of actual physical violence, there was no need to resort to the residual clause to convict Gibson under § 924(c).

**Conclusion**

Because Gibson's conviction is not unconstitutional under *Davis*, his Motion to Vacate should be denied with prejudice and judgment entered to that effect. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 7, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.